895 F.2d 1421
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
ROHM AND HAAS COMPANY, Plaintiff-Appellee,
v.
MOBIL OIL CORPORATION, Rhone-Poulenc, Inc. and Rhone-Poulenc
Agrochimie, Defendants-Appellants.
MOBIL OIL CORPORATION, Rhone-Poulenc, Inc. and Rhone-Poulenc
Agrochimie, Plaintiffs-Appellants,
v.
ROHM AND HAAS COMPANY, Defendant-Appellee.
 No. 89-1641.
 United States Court of Appeals, Federal Circuit.
 Jan. 16, 1990.
 
 Before MARKEY, Chief Judge, FRIEDMAN, Senior Circuit Judge, and MILLS, District Judge.*
 DECISION
 MARKEY, Chief Judge.
 
 
 1
 Mobil Oil Corporation, Rhone-Poulenc, Inc., and Rhone-Poulenc Agrochimie (collectively Mobil) appeal from the judgment of the United States District Court for the District of Delaware, Rohm and Haas Co. v. Mobil Oil Corp., 718 F.Supp. 274 (D.Del.1989), holding Mobil's Unites States Patents No. 3,979,437 claim 1 ('437), No. Re. 32,215 ('215), No. Re. 32,216 ('216), and No. 4,681,622 claims 1, 3, 5-9, and 11-15 ('622) invalid and holding Rohm and Haas Company's (Rohm and Haas) United States Patents No. Re. 31,455 claims 1, 2, 6 and 7 ('455) and No. Re. 31,731 claims 8 and 9 ('731) neither unenforceable nor invalid. We affirm.
 
 OPINION
 I. Mobil's Patents
 
 2
 Whether the parent application of a continuation-in-part sufficiently describes, pursuant to 35 U.S.C. Secs. 112, 120 (1982), inventions later claimed is a question of fact. See In re Driscoll, 562 F.2d 1245, 1250, 195 USPQ 434, 438 (CCPA1977) ("[I]t should be readily apparent from recent decisions of this court involving the question of compliance with the description requirement of Sec. 112 that each case must be decided on its own facts. Thus, the precedential value of cases in this area is extremely limited."); In re Ruschig, 379 F.2d 990, 996, 154 USPQ 118, 123 (CCPA1967).
 
 
 3
 Mobil's argument to the contrary is not well taken. Use of several Markush groups with numerous members encompassing countless compounds does not as a matter of law describe the inventions directed to subclasses of compounds later claimed. The district court properly considered the focus of the parent application and what was conveyed to one skilled in the art as the invention. Mobil does not contend that the district court erred in its factual determinations.
 
 
 4
 Because the parent application did not describe the inventions later claimed, Mobil's patents are not accorded the 1971 filing date of the parent application and are invalid in view of Rohm and Haas' Netherlands application, the foreign counterpart to the '731 patent, which was published September 18, 1973.
 
 II. Rohm and Haas' Patents
 A. Inequitable Conduct
 
 5
 The district court's finding that intent was not proved by clear and convincing evidence is not clearly erroneous in view of all evidence, including that indicative of good faith. See Kingsdown Medical Consultants, Ltd. v. Hollister Inc., 863 F.2d 867, 872, 876, 9 USPQ2d 1384, 1389, 1392 (Fed.Cir.1988), cert. denied, --- U.S. ----, 109 S.Ct. 2068 (1989).
 
 B. Nonobviousness
 
 6
 Mobil incorrectly states that the district court agreed with it that each of five prior art compounds disclosed in its '635 patent asserted by Mobil to be structurally similar to Rohm and Haas' claimed compounds was prima facie evidence of obviousness.** The court recognized that Rohm and Haas conceded that the structural relationship of the reverse isomer of one of the claimed compounds to the claimed compounds rendered the latter prima facie obvious. The court also stated that there was some evidence, respecting all-halogen phenoxy-substituted compounds, of obviousness. However, the court did not explicitly accept Mobil's contention that the structural relationship of the nitro phenoxy-substituted prior art compound was prima facie evidence of obviousness. To the contrary, the court implicitly determined that the nitro phenoxy-substituted prior art compound was not prima facie evidence of obviousness.
 
 
 7
 After considering the evidence of obviousness, including expectedness of herbicidal activity of the asserted prior art compounds, we are not persuaded that the district court committed legal error in its ultimate conclusion of nonobviousness nor that the factual findings underlying its conclusion are clearly erroneous. See Ashland Oil, Inc. v. Delta Resins & Refractories, Inc., 776 F.2d 281, 291-92, 227 USPQ 657, 662-63 (Fed.Cir.1985), cert. denied, 475 U.S. 1017 (1986).
 
 
 
 *
 District Judge Richard Mills of the Central District of Illinois, sitting by designation
 
 
 **
 The phrase "prima facie obviousness" normally refers to the procedure before the Patent and Trademark Office under which, when the Office establishes such obviousness, the applicant is required to rebut it. Cf. In re Johnson, 747 F.2d 1456, 223 USPQ 1260 (Fed.Cir.1984). In this case, however, the district court apparently used the phrase in reference to the alleged infringer's "initial burden of establishing a prima facie case of obviousness under 35 U.S.C. Sec. 103." See Ashland Oil, Inc. v. Delta Resins & Refractories, Inc., 776 F.2d 281, 291, 227 USPQ 657, 663 (Fed.Cir.1985), cert. denied, 475 U.S. 1017 (1986)